# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF IDAHO

IN RE                                   )
                                        )        **Case No. 09-00645-TLM**
DAVID ROOT and                          )
HELEN ROOT,                             )
                                        )        **Chapter 11**
                    Debtors.            )
_____          )

## MEMORANDUM OF DECISION
_____

## INTRODUCTION

David and Helen Root ("Debtors") filed a voluntary chapter 11 petition on

March 18, 2009.  Their attorney from and after the commencement of the case was

Randal J. French of the firm of Bauer & French ("Counsel").  Now before the

Court is the application of Counsel for allowance of approximately $19,000 in

interim compensation under § 331 of the Code.[1]  *See* Doc. No. 119

("Application").

Counsel filed the Application and provided the notice to creditors and

parties in interest required by Fed. R. Bankr. P. 2002(a)(6) through "negative

notice" (*i.e.*, notice and opportunity to object and request a hearing) under LBR

_____

[1] Unless otherwise indicated, all statutory citations are to the Bankruptcy Code, Title 11
U.S. Code §§ 101–1532, and all rule citations are to the Federal Rules of Bankruptcy Procedure,
Rules 1001–9037.

MEMORANDUM OF DECISION - 1

2002.2(d).  *See also* § 102(1) (providing that "after notice and a hearing" means appropriate notice and an opportunity for a hearing).  Service was made on all parties in interest.  *See* Doc. No. 120.  No objections or requests for hearing were filed, and Counsel filed a statement of no objection under LBR 2002.2(d)(3). Doc. No. 122.

Notwithstanding the lack of objection, the Court is required to evaluate all submissions and determine that the Application is well taken.[2]  Having done so, the Court will grant, in part, the Application.  This Memorandum of Decision constitutes the Court's factual findings and legal conclusions.  Fed. R. Bankr. P. 9014, 7052.

**FACTS**

The facts are taken exclusively from the Application and other documents filed of record by Debtors.  Fed. R. Evid. 201, 801(d)(2).

As noted, Debtors filed their chapter 11 case on March 18, 2009.  Doc. No. 1.  Counsel promptly filed a Rule 2016(b) disclosure of fees that were paid and agreed to be paid.  Doc. No. 5.[3]

---

[2]  *See In re Mass*, 2007 WL 2029352, *1 (Bankr. D. Idaho July 10, 2007) (citing *In re Dale's Crane, Inc.*, 99.1 I.B.C.R. 8, 1999 WL 34754119 (Bankr. D. Idaho 1999)); *In re Mahaffey*, 247 B.R. 823, 825 (Bankr. D. Mont. 2000);  *Lobel & Opera v. United States Tr. (In re Auto Parts Club, Inc.)*, 211 B.R. 29, 33 (9th Cir. BAP 1997).

[3]  Among other things, the Rule 2016(b) statement disclosed the existence of a retainer of $3,645.00 and Application requests application of those funds to Counsel's interim fees.  The Court will authorize Counsel to draw down such retainer in payment of the attorneys' fees to the
(continued...)

MEMORANDUM OF DECISION - 2

On May 6, 2009, Debtors filed their application for approval of their employment of Counsel as an estate professional, *see* § 327(a), and simultaneously served that application on the United States Trustee ("UST") and other parties. Doc. Nos. 30, 32.

The Court approved that application and Debtors' employment of Counsel. Under LBR 2014.1(c), an order approving employment of an estate professional is effective as of the date of service of the application to employ (unless the Court orders otherwise[4]) and such date must be set forth on the order approving employment.[5] Here, the Court entered an order specifically establishing a May 6,

---

[3] (...continued)
extent allowed by this Decision and related Order.

[4]  In limited and extraordinary circumstances, the Court may enter an order approving professional employment as of a date prior to the date of service of the application.  *See Okamoto v. THC Fin. Corp. (In re THC Fin. Corp.)*, 837 F.2d 389, 392 (9th Cir. 1988); *In re Taylor Quality Concrete, Inc.*, 359 B.R. 273, 276, 07.1 I.B.C.R. 3, 3-4 (Bankr. D. Idaho 2007) (addressing limitations on *nunc pro tunc* approval).  Debtors and Counsel did not seek such *nunc pro tunc* approval nor did the application to employ, Doc. No. 30, establish a basis for such relief. Indeed, Counsel indicated in his 2014(a) statement that Counsel would "not seek compensation for services rendered from the filing until the date the Debtors' Application for Approval of Employment, and Counsel's Affidavit, is filed."  Doc. No. 31.

[5]  LBR 2014.1(c) states:

If neither the U.S. Trustee nor any other party in interest objects to the application for approval of employment of the professional within twenty-one (21) days of the date of service of the application, the court may enter the order approving the employment of the professional without a hearing.  If an objection to the application is timely filed, then the applicant shall schedule a hearing on the application and serve notice of the hearing on the U.S. Trustee and all other parties in interest.  Proof of such service shall be filed with the notice of hearing.  *Any order of approval of*

(continued...)

MEMORANDUM OF DECISION - 3

2009 effective date for Counsel's employment per LBR 2014.1(c).  *See* Doc. No. 44 ("Order").

The Application seeks a total of $18,832.50 in attorneys' fees and $240.38 in costs.  It asks for permission to utilize $3,645.00 held in Counsel's trust account as a retainer in order to satisfy any allowed § 331 compensation, and that the Debtors be allowed to pay the balance of allowed compensation without further order of the Court as funds are available.

## DISCUSSION AND DISPOSITION

Two issues are presented by this unopposed Application.

### A.      Effective date of employment

Counsel was employed as of May 6, 2009.  Services rendered before the effective date of employment approval may not be allowed or compensated.  *See In re Ferreira*, 95 I.B.C.R. 282, 283 (Bankr. D. Idaho 1995) (citing *THC Fin. Corp*, 837 F.2d at 392).

In reviewing the Application's itemization of services by date and time, Doc. No. 119 at 6-19, the Court concludes that it requests approval for fees for work performed before the effective date of employment approval, contrary to Counsel's prior representation.  *See supra* note 4.  These services include:

---

[5] (...continued)
*employment entered by the court will relate back to the date of service of the application, which date shall be set forth in the order.*

(Emphasis added).

MEMORANDUM OF DECISION - 4

| | | | |
|---|---|---|---|
| 04/17/09 | .20 hours | $ 45.00 | Doc. No. 119 at 8 |
| 03/31/09 | .20 hours | $ 45.00 | *Id.* at 9 |
| 03/31/09 | .20 hours | $ 45.00 | *Id.* |
| 04/10/09 | .50 hours | $112.50 | *Id.* |
| 04/10/09 | 2.80 hours | $630.00 | *Id.* |
| 04/14/09 | .20 hours | $ 45.00 | *Id.* |
| 04/14/09 | .90 hours | $202.50 | *Id.* |
| 04/14/09 | .50 hours | $112.50 | *Id.* |
| 04/14/09 | .80 hours | $180.00 | *Id.* at 10 |
| 04/20/09 | .40 hours | $ 90.00 | *Id.* |
| 04/27/09 | .50 hours | $112.50 | *Id.* |
| 04/29/09 | .50 hours | $112.50 | *Id.* at 14 |
| 04/24/09 | 1.00 hours | $225.00 | *Id.* at 15 |

The total of these itemized fees rendered prior to § 327(a) employment approval are $1,957.50.  These fees will be disallowed.

In addition, the following costs or expenses are shown in the Application as incurred prior to the effective date of employment approval, and cannot therefore be reimbursed:

| | |
|---|---|
| 04/06/09 | $75.60 |
| 04/29/09 | $49.50 |

MEMORANDUM OF DECISION - 5

04/29/09                              $54.00

These costs total $179.10, and will be disallowed.

**B.    Reasonableness of fees**

In reviewing and passing on fee requests, the Court applies the standards

established by § 330(a)(3) and the decisional law of this Court.[6]  Applicants bear

the burden of establishing that their requests are reasonable, compliant with

applicable law, and should be allowed.  *In re Anderson*, 03.1 I.B.C.R. 14, 16

(Bankr. D. Idaho 2002) (citing *Mahaffey*, 247 B.R. at 825-27; *Dale's Crane,* 99.1

I.B.C.R. at 8 (citing *Ferreira*, 95 I.B.C.R. at 283).  In meeting this burden,

applicants must give the Court sufficient detail concerning the services rendered

and the asserted value thereof for the Court to make a meaningful review.

*Anderson*, 03.1 I.B.C.R. at 16.

Much of what is disclosed in the Application raises no significant issues,

and appears to be the type and nature of services typical of individual chapter 11

cases.[7]  However, a portion of the detailed time entries are – without further

explanation and justification – problematic.

The Court has a familiarity with the record and docket in this case.  And it

---

[6]  *See generally*, *In re Voechting*, 03.4 I.B.C.R. 237, 2003 WL 25586585 (Bankr. D.
Idaho 2003); *In re Haskew*, 01.2 I.B.C.R. 62, 2001 WL 589043 (Bankr. D. Idaho 2001);  *Dale's
Crane, Inc.*, 99.1 I.B.C.R. at 8.

[7]  Debtors are the principals of Roots Rents, Inc., a corporate debtor in possession
reorganizing under another chapter 11 case.  *See* Case No. 09-03444-TLM.

MEMORANDUM OF DECISION - 6

has reviewed the monthly operating reports ("MOR") required by the UST's

operating guidelines and filed by Debtors.[8]  A large component of the services

rendered by Counsel relate to those MORs.  Most of those services were

performed by Mr. Hoskins, an associate in Counsel's firm, at an hourly rate of

$125.00.

 The services that the Court questions consist of the following time entries

appearing under the project category of "Case Administration."[9]

> 10/06/09 (5.0 hours); 10/09/09 (2.1 hours); 10/13/09 (.6 hours);
> 10/14/09 (4.9 hours); 10/15/09 (2.5 hours); 10/16/09 (6.6 hours);
> 10/19/09 (3.6 hours); 11/16/09 (2.2 hours); 11/17/09 (2.5 hours);
> 11/19/09 (.5 hours); 11/20/09 (.5 hours); 11/30/09 (2.2 hours);
> 12/07/09 (.3 hours); 12/14/09 (.2 hours); 12/23/09 (2.1 hours);
> 12/28/09 (.5 hours); 01/12/10 (.3 hours); 01/26/10 (2.2 hours);
> 01/27/10 (.4 hours); 01/27/10 (.3 hours); 01/27/10 (.1 hours);
> 01/29/10 (1.0 hours); 02/04/10 (.2 hours); 02/09/10 (.7 hours);
> 02/22/10 (.9 hours); 03/01/10 (1.2 hours); 03/08/10 (.3 hours);
> 03/17/10 (.1 hours); 03/22/10 (.8 hours); 04/07/10 (.3 hours);
> 04/21/10 (1.1 hours); 04/22/10 (.1 hours); 04/23/10 (.4 hours);
> 05/21/10 (.6 hours); 06/16/10 (.2 hours); 06/22/10 (.7 hours).

These entries total 48.2 hours, charged at a rate of $125.00 per hour, or

$6,025.00.[10]

---

[8]  *See* Doc. Nos. 74 - 79, 88, 96, 98, 109 - 113, 116 - 118, 121.

[9]  The Court, for the purposes of this Decision, has not included in the questioned entries some of the preliminary legal work performed in regard to the MORs, but rather has focused on the subsequent labors in gathering data and documents, and then (using the Application's choice of verbs) "preparing," "drafting," "revising," "reviewing" and "discussing" the MORs.

[10]  The Court also notes the following issues within the described entries.  Certain entries (*e.g.*, 10/6/09; 11/16/09; 11/17/09) are "lumped" which impedes required review and is a disfavored practice. *See Kilborn v. Haun (In re Haun)*, 396 B.R. 522, 532-33, 08.4 I.B.C.R. 155,

(continued...)

MEMORANDUM OF DECISION - 7

While some legal services may certainly be required to assist Debtors in understanding and thereafter meeting their obligations regarding financial accountability, including the requirements of complete and timely-filed MORs, there is nothing submitted in or with the Application to justify an approach where Counsel, in full or significant part, actually gathers financial data and prepares the MORs. Counsel is retained to provide *legal* services, not accounting or clerical assistance, nor to perform administrative duties placed on counsel's clients. Here, Counsel has spent what, on this cold record, would appear to be an inordinate amount of time creating, revising and filing the MORs.[11]

Therefore, the Court will disallow the amount of $6,025.00 in this § 331 interim allowance of compensation. This ruling will be without prejudice to renewal of a request for compensation of such services in a later § 331 context or at the conclusion of the case under § 330, with a showing that the nature, type and amount of services are properly allowable under the standards of § 330(a)(3) and the case law.

---

[10] (...continued)
159 (Bankr. D. Idaho 2008); *Hopkins v. Saratoga Holdings, LLC (In re Colvin)*, 08.2 I.B.C.R. 63, 66 2008 WL 1957855, *6 (Bankr. D. Idaho 2008); *In re Jones*, 356 B.R. 39, 45-46 (Bankr. D. Idaho 2005). In addition, certain entries (*e.g.*, 10/06/09; 10/09/09) appear duplicative of time previously spent by Mr. French on 06/04/09, 10/02/09 and 10/04/09 on similar services. And entries on 10/09/09 and 10/15/09 both refer to "finishing" the March 2009 MOR, and those on 10/13/09 and 10/15/09 both refer to beginning the April 2009 MOR. These issues are in addition to the primary concern regarding the need for, or the extent of, legal services in connection with a debtor's performance of a financial reporting function.

[11] The 48.2 hours constitute roughly half of the 99.8 hours requested in the Application after the May 6, 2009 effective date of employment.

MEMORANDUM OF DECISION - 8

**CONCLUSION**

Based on the foregoing, the amount of $2,136.60 in pre-§ 327 approved

employment fees and costs will be denied with prejudice, and the amount of

$6,025.00 will be denied without prejudice.  The Application will therefore be

granted in the amount of $10,850.00 in attorneys' fees and $61.28 in costs.

Counsel will be authorized to draw down the $3,645.00 retainer in payment of the

allowed fees, and the Debtors in Possession will be authorized to pay the

remaining allowed fees from otherwise available funds.

An order so providing will be entered.

DATED: October 19, 2010

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 9